# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Robert Spencer Jenks, III,           Case No. 4:18CV1151

    Petitioner

      v.                         **ORDER**

Warden Steven Merlak,

    Respondent

Petitioner Robert Spencer Jenks, III brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Jenks, who was an active-duty member of the United States Army, was court-martialed and convicted of manslaughter in connection with the death of his wife.[1] In the petition, Jenks claims that the United States Army lacked jurisdiction to court-martial him for that offense.

Also pending is Jenks's motion to supplement the petition (Doc. 5), which I grant.

For the following reasons, I dismiss the petition (Doc. 1) without prejudice.[2]

## Background

In his "Statement of the Case," Jenks alleges that he was an active-duty member of the United States Army living in a housing unit on Fort Campbell, Kentucky. Jenks claims that he was off-duty and at his home on-base when his wife died in their home. He was charged by the

---

[1] A servicemember in custody pursuant to a court-martial may seek habeas relief under 28 U.S.C. § 2241. *See Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004) (citing *Clinton v. Goldsmith,* 526 U.S. 529, 537 n.11 (1999)).

[2] Also before me is Jenks's motion to correct a purported procedural fling error whereby this matter was improperly referred to Magistrate Judge Parker. (Doc. 4). I deny this motion as baseless because I did not refer this matter to the magistrate judge.

United States Army with manslaughter pursuant to 10 U.S.C. § 919, Article 119 (Manslaughter) and 10 U.S.C. § 805, Article 5, which provides that Uniform Code of Military Justice "applies in all places." Jenks was court-martialed by the United States Army, convicted of manslaughter, and sentenced to fifteen years of imprisonment, of which he has served approximately seven years. For his sentence, Jenks states that he was confined to United States Army Disciplinary Barracks until 2017, when he was transferred to the Elkton Federal Correctional Institution. (Doc. 1 at 7-8).

Jenks asserts two claims in the petition: (1) the Uniform Code of Military Justice cannot be used to court-martial soldiers for a non-military offense in times of peace (Doc. 1 at 9-22); and (2) 10 U.S.C. § 805, Article 5 is overbroad and unconstitutional because it does not give fair notice on its face of where the Uniform Code of Military Justice applies (Doc. 1 at 23-30). For relief, Jenks asks that I conduct a hearing regarding his detention and issue an order releasing him from detention. (Doc. 1 at 31).

In the supplement to his petition, Jenks claims that his transfer from the United States Army Disciplinary Barracks to FCI Elkton violates an agreement between the United States Army and the Federal Bureau of Prisons. (Doc. 5 at 3).

**Standard of Review**

A prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States" may be granted habeas relief under 28 U.S.C. § 2241. 28 U.S.C. § 2241(c). The relief available under § 2241 extends to prisoners confined by military courts. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953).

A petitioner seeking habeas relief from a military conviction must exhaust his available remedies prior to filing his § 2241 petition in federal court. That is, the "petitioner must show

that he exhausted all military review procedures as a prerequisite to review of a court-martial conviction in habeas corpus." *Lanthron v. Commandant of U.S. Marine Corps*, 173 F.3d 429 (Table) (6th Cir. 1999) (citing *Schlesinger v. Councilman*, 420 U.S. 738, 758 (1975)).

When a petitioner fails to raise a claim in the military court, that claim is considered procedurally defaulted. Where a claim has been procedurally defaulted, a federal court will not review that claim in a habeas petition unless the petitioner "show[s] both cause excusing the procedural defect and actual prejudice resulting from the [alleged] error." *Lips v. Commandant, U.S. Military Disciplinary Barracks*, 997 F.2d 808, 812 (10th Cir. 1993) (citing *Murray v. Carrier,* 477 U.S. 478, 491 (1986)).

If a petitioner fully exhausts his available military remedies, then district courts may entertain a §2241 petition. That review is initially limited to determining whether petitioner's claims were provided "full and fair consideration by the military courts." *Lips*, *supra*, 997 F.2d at 810; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004) (citing *Lips*, *supra*, 997 F.2d at 811) (additional internal citation omitted)). If the military courts have "dealt fully and fairly with an allegation raised in [the petition for habeas relief], it is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." *Burns*, *supra*, 346 U.S. at 142.

**Analysis**

In his petition, Jenks challenges the legality of his military conviction.[3]

---

[3] For the purposes of this analysis, I assume that Jenks, who is currently incarcerated at FCI Elkton, is "in custody" pursuant to the military conviction at issue in the petition. If Jenks is not in custody pursuant to his military conviction for manslaughter, I lack jurisdiction and the petition is subject to dismissal on that basis alone. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490-91(1989) (the habeas statute requires that the petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed) (citing *Carafas v. LaVallee,* 391 U.S. 234, 238 (1968)).

3

Jenks does not indicate in his petition whether he exhausted his claims in military court. Indeed, he provides no information or documents respecting an appeal of his military conviction. Nor does he argue that cause exists to excuse a failure to exhaust his remedies in military court.

Jenks only states that:

> it has been recently brought to his attention, for over seven years now, he has been unlawfully detained and imprisoned of his liberty by not only the United States Army, but, now at the present time, the United States Bureau of Prisons. Every constitutional protection required to be afforded an American citizen, petitioner has been deprived of. Petitioner was never indicted by a grand jury or tried by a public jury in a civil court when he was accused of committing a <u>non</u>-military offense, which allegedly occurred within the geographical limits of the state of Kentucky, on American soil, it time of peace, and the civil courts were open.

(Doc. 1 at 4 (emphasis in original)).

Jenks also argues that the language of 10 U.S.C. § 805 "fails to give fair notice and is unconstitutionally overbroad." Thus, according to Jenks, the military court lacked jurisdiction to adjudicate the alleged manslaughter of his wife, which occurred on a military base in the United States where he served as an active duty member of the Army. (*See id*. at 5-6).

Jenks's claim that the military court lacked jurisdiction to adjudicate the manslaughter charge against him is not exempt from the requirement that a military prisoner must exhaust his military court remedies before seeking habeas relief in federal district court. *See Witham*, *supra*, 355 F.3d at 505 (affirming district court's ruling that petitioner's claim the convening authority lacked proper authority to refer charges against him for court-martial is procedurally defaulted because petitioner failed to raise that claim before the military courts); *McElhaney v. Erker*, 98 Fed. App'x 417, 419 (6th Cir. 2004) (district court properly held that petitioner's claim that the Uniform Code of Military Justice is unconstitutional as applied during peacetime to criminal tribunals was procedurally defaulted because petitioner did not raise that issue during military

4

proceedings and did not show cause and prejudice for failing to do so) (citing *Witham*, *supra*, 355 F.3d at 505); *Byington v. Warden, Fed. Med. Ctr.*, 116 Fed. App'x 563, 565 (6th Cir. 2004) ("[T]his court cannot evaluate any of [petitioner's] substantive [§ 2241] claims, including [testing his general court martial for competent jurisdiction], unless they are first exhausted in the military courts.") (citing *Schlesinger*, *supra*, 420 U.S. at 754).

With respect to the supplement to Jenks's § 2241 petition, to the extent that he claims that his transfer to FCI Elkton violates the Constitution or laws or treaties of the United States, Jenks also does not provide any information regarding the exhaustion of this claim, or regarding cause and prejudice for failing to do so. (*See* Doc. 5).

Jenks has not provided any information in the petition regarding his appeals in the military courts and, therefore, I cannot determine whether his § 2241 claims have been exhausted prior to filing his petition in federal court.

Accordingly, I dismiss Jenks' petition without prejudice to refile his petition with an indication that 1) he exhausted his military remedies or 2) cause and prejudice excused his failure to do so. *See Byington*, *supra*, 116 Fed. App'x at 565.

Jenks requests that I conduct an evidentiary hearing on his petition. But because Jenks is conclusively not entitled to relief, no hearing is required. *See Witham*, *supra*, 355 F.3d at 506 (citation omitted).

## Conclusion

It is, therefore,

ORDERED THAT

Petitioner Robert Spencer Jenks, III's motion to supplement his habeas corpus petition (Doc. 5) be, and the same hereby is, granted;

5

Petitioner Robert Spencer Jenks, III's motion to correct procedural filing error (Doc. 4) be, and the same hereby is, denied;

The petition filed by Robert Spencer Jenks, III for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(Doc. 1) be, and the same hereby is, dismissed without prejudice pursuant to 28 U.S.C. § 2243.

I certify that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge